UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERNEST ROOT,

                Petitioner,

vs.                                  Case No. 5:10-cv-521-Oc-29SPC

SEC'Y, FLA. DE'PT OF CORRECTIONS
AND ATT'Y GENERAL,

                Respondents.
_____

**OPINION AND ORDER**

Petitioner Ernest Root ("Petitioner" or "Root"), proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on October 1, 2010.[1] Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #6), Respondent filed a limited response seeking dismissal of the

---

[1] The Petition (Doc. #1) was filed in this Court on October 7, 2010, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

Petition on the grounds that the Petition is time barred pursuant to 28 U.S.C. § 2244(d).[2] See Respondent's Response to Petition for Writ of Habeas Corpus (Doc. #7, Response) at 1. Respondent submits exhibits (Exhs. A-D) in support of the Response. See Index to

---

[2] On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Appendix (Doc. #7 at 8). Petitioner filed a Reply to Respondent's Response (Doc. #10, Reply). This matter is ripe for review.

Root challenges his **September 11, 2006**,[3] plea-based conviction for Burglary of a Dwelling With a Firearm and Robbery With a Firearm entered by the Fifth Circuit Court, Lake County, Florida for which Root was sentenced to 165.75 months imprisonment, with credit for time served. Exh. A at 99-104, 189, 190-266.[4] Root did not file a direct appeal. Consequently, his state conviction became final on **October 11, 2006** See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002); Fla. R. App. P. 9.110(b)(affording a petitioner thirty days within which to file an appeal). Because this date is after April 24, 1996, the effective date of the AEDPA, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on **October 11, 2007**.[5] Consequently, the Petition filed in this Court would be untimely unless Petitioner availed himself of one of the statutory provisions which extends or tolls the federal time period.

---

[3]The Court gives Petitioner the benefit of the filing date of his *nolo contendere* plea (September 11, 2006), as opposed to the date that Petitioner entered his plea in open court (September 8, 2006.

[4]Root had been charged with one count of burglary of a dwelling while armed, one count of robbery with a firearm, and one count of first degree murder. Pursuant to the negotiated plea agreement, Root pled *nolo contendere* to the burglary and robbery counts and the State *nol prossed* the murder count. Exh. A at 178-181, 261.

[5]Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, **15 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850, filed on **October 26, 2006.** Exh. A at 110. The post-conviction trial court, after briefing by the State, entered a final order summarily denying the Rule 3.850 motion on November 30, 2006. Exh. A-132. The appellate court *per curiam* affirmed the post-conviction court's denial of Root's Rule 3.850 motion on February 27, 2007. Root v. State, 950 So.2d 422 (Fla. 5th DCA 2007); Exh A at 167. Mandate issued on **March 16, 2007.** Exh. A at 168.

On **March 7, 2007,** prior to mandate issuing, Root filed a motion for production seeking portions of the trial transcript and record. Exh. A at 162. The post-conviction court denied the motion. Exh. A at 169. Root appealed, but failed to respond to the appellate court's show cause order and the appeal was dismissed on **September 21, 2007.** Exhs. A at 171, B at 1-2.

Affording Root the benefit of the September 21, 2007 date for restarting the federal limitations period, Root permitted only **13 days** to elapse before he filed a second Rule 3.850 motion on **October 4, 2007.** Exh. C at 1. After response by the State, the

post-conviction court summarily denied the motion. Exh. C at 113. Root's motion for rehearing was denied. Exh. C at 215, 218. The State appellate court *per curiam* affirmed the denial of Root's second Rule 3.850 motion on April 15, 2008. Exh. C at 234. Mandate issued on **May 19, 2008.** Exh. C at 239. At this point, Root had 337 days (365 days less 15 days, less 13 days) remaining on his federal limitations period - - or until **April 21, 2009**, to timely file his federal petition.

Root filed a third Rule 3.850 motion on **April 19, 2010.** Exh. D at 1. The post-conviction court summarily denied Root's third Rule 3.850 motion as untimely, successive and facially insufficient. Exh. D at 28. Root's motion for a rehearing was denied. Exh. D at 35, 41. On September 22, 2010, the appellate court dismissed Root's appeal for lack of jurisdiction, after affording Root the opportunity to show cause whether the appeal was timely filed, based upon the apparent untimely filing of Root's motion fo rehearing.

Even if the Court deems the third Rule 3.850 motion properly filed, Root garners no additional tolling for his third Rule 3.850 motion, because the federal limitations had already expired by the time Root filed this motion. Once the AEDPA's limitations period expires, it cannot be reinitiated. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). More specifically,

any post-conviction filings by Petitioner after **April 21, 2009**, the date Root's federal limitations period expired, "cannot toll that period because there is no period remaining to be tolled." Tinker 255 F.3d at 1333.

The Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner appears to concede that the Petition is untimely. Reply at 1-2 (stating "Petitioner does not argue petition was untimely. . . ."). However, Petitioner offers no explanation or argument as to why he should be entitled to equitable tolling. See

generally Reply. Instead, Petitioner addresses the merits of the Petition and pleads for "[f]airness and justice." Id. at 2.

Based upon the foregoing, the Court finds the Petition is untimely and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** with prejudice as untimely.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __24th__ day of April, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record